UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MASSENBURG,

        Petitioner,                      Case Number: 06-14351
                                                  Honorable David M. Lawson

v.

BRUCE CURTIS,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

The petitioner, Arthur Massenburg, is a state prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, who has filed his second *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

I.

The petitioner was originally charged with first-degree premeditated murder, first-degree felony murder, kidnaping, and possession of a firearm while committing a felony (felony firearm). The petitioner was originally tried jointly with his co-defendant Nicole Alexander and found guilty by a jury of first-degree felony murder and felony firearm. This conviction was reversed on appeal and remanded for a new trial. *See People v. Massenburg,* No. 166321 (Mich. Ct. App. April 10, 1995). After a second trial, the petitioner was found guilty of kidnaping and felony firearm, but was acquitted of felony murder. The petitioner was sentenced to life imprisonment on the kidnaping

charge and received a two-year sentence on the felony firearm charge, to be served consecutively to the sentence for kidnaping.  The court of appeals affirmed the petitioner's conviction on appeal, but remanded the case to the trial court for resentencing because the trial court improperly made an independent finding that the petitioner was guilty of murder when imposing sentence.  *People v. Massenburg,* No. 199244, 1998 WL 1988408 (Mich. Ct. App. December 22, 1998), *lv. denied*, 461 Mich. 874, 603 N.W.2d 268, *reconsideration denied,* 461 Mich. 874, 606 N.W.2d 655 (1999).  Although the Michigan Court of Appeals did not order that the resentencing take place before another judge, Judge Townsend apparently recused himself from the case and the matter was reassigned to Judge Timothy M. Kenny.  Judge Kenny resentenced the petitioner to eighteen to thirty years on the kidnaping charge and again imposed the mandatory two-year consecutive sentence on the felony firearm charge.

On January 3, 2001, the petitioner filed his first petition for writ of habeas corpus alleging that he was in the custody of the Michigan Department of Corrections in violation of his constitutional rights.  The Court denied the petition on the merits on January 10, 2003.  The petitioner filed a second petition on October 3, 2006.

II.

The petitioner alleges that he was denied his right to appeal in violation of the Constitution. The petitioner previously filed a habeas corpus petition challenging his convictions.  The Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), over which this Court lacks jurisdiction.  The Court, therefore, will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

The petitioner already has filed a petition for a writ of habeas corpus challenging his convictions and sentence. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The petitioner's prior habeas corpus petition was adjudicated on the merits. The petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. *Id.*

### III.

The Court lacks jurisdiction over this successive petition for writ of habeas corpus, 28 U.S.C. § 2244(b)(3), and the matter must be transferred to the court of appeals.

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

                                             s/David M. Lawson
                                             DAVID M. LAWSON
                                             United States District Judge

Dated: October 23, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2006.

        s/Felicia M. Moses
        FELICIA M. MOSES